## Ex parte Edwin Murray.

Where on an application for a monition under the act of 10 March, 1834, by a purchaser at a Sheriff's sale, for the purpose of confirming his title to the property purchased, it is alleged by the party opposing the homologation of the sale, that the previous advertisements required by law were not made, the *onus probandi* is on the petitioner. They are essential to the validity of the sale, and must be proved when denied.

APPEAL from the Court of Probates of Caddo, *Jenkins*, J.

MARTIN, J. Edwin Murray filed a petition for a monition to perfect a sale made by the Court of Probates. Hannah B. Sewall, and Charlotte Eastman, heirs of John O. Sewall, are appellants from a judgment in his favor. They oppose his pretensions on several grounds. It is useless to examine any but the seventh, which is, that the sale took place before the expiration of the usual delays, *without the legal advertisements being made*, and not according to the terms stated in the order. The opponent having denied that the legal advertisements had been made, the *onus probandi* devolved on the petitioner, who had the means of proving that the legal advertisements had been made, if they were really so, while it was impossible for the opponents to prove that they were not. Preceding advertisements being of the essence of a forced or judicial sale, the courts cannot recognize any validity in such a sale, when it is alleged, that it took place without the legal advertisements, and the opposite party does not produce evidence of them.

It is, therefore, ordered, that the judgment be annulled, the opposition sustained, and the sale set aside ; the petitioner paying the costs in both courts.

*Tuomey* and *Crain*, for the petitioner.

*Gilbert* and *P. A. Morse*, for the appellants.